*298 F. Supp. 1326*

FILED

APR 3 1969

JUDICIAL PANEL FOR
MULTIDISTRICT LITIGATION
PER
   PROVISIONAL CLERK



THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE MULTIDISTRICT CIVIL ACTIONS )
INVOLVING FOURTH CLASS POSTAGE   )   DOCKET NO. 16
REGULATIONS                      )

OPINION AND ORDER TRANSFERRING
MULTIDISTRICT CIVIL ACTIONS UNDER SECTION 1407,
TITLE 28, UNITED STATES CODE

---

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

---

WEIGEL, J.:

This proceeding involves seventeen actions brought in diverse federal district courts seeking to enjoin the Postmaster General and local postmasters from enforcing certain postal regulations. The contested regulation, 39 C.F.R. §135.2(a)(6), requires persons mailing 1,000 or more identical pieces of special fourth class mail per day to separate the pieces according to the first three ZIP-Code digits. Shipments of 1,000 or more non-identical pieces per day must be

sorted according to state. These functions were formerly the duty of the Post Office Department.[1]

The plaintiffs in these cases are book publishers, book manufacturers and book trade associations. They contend that the regulation is arbitrary and capricious, and therefore, violative of the due process and equal protection clauses of the Fifth Amendment. Plaintiffs in *Regensteiner Publishing Enterprises, Inc. v. Watson* (N.D. Ill. No. 68-C-1945) have moved under 28 U.S.C. §1407 to transfer similar cases pending elsewhere to the Northern District of Illinois for coordinated and consolidated pretrial proceedings. It is by virtue of that motion that the seventeen cases are now before the Panel.

The defendants urge that there should be no transfer for consolidated or coordinated pretrial proceedings because only questions of law are raised by the complaints. Although the constitutional issues presented by each complaint are, indeed, questions of law, their resolution will require determination of common underlying facts. Areas of relevant factual determination may well include such matters as the historical development of postal sorting, the presence or absence of

---

[1] The regulation was promulgated pursuant to 39 U.S.C. §4554(e) which provides:

> Articles may be mailed under this section [special fourth class rates] in quantities of one thousand or more in a single mailing, as defined by the Postmaster General, only in the manner directed by him.

studies supporting the regulation, the savings accruing to the Post Office Department by virtue of the regulation, the manner of computing any charges to mailers, the possibility that the enforcement of the regulation will have a discriminating effect on some manufacturers and publishers, and the public policy implications of applying these regulations to educational materials. Many of the facts bearing upon these questions may be obtained from Post Office Department officials in Washington. Transfer for pretrial proceedings will eliminate any need for repetitive depositions and other discovery addressed to such officials.

There is a special reason why §1407 transfers should be ordered in these cases. Many of the plaintiffs have sought temporary restraining orders or preliminary injunctions suspending the enforcement of the regulation during the pendency of this litigation. In New Jersey, Pennsylvania and Illinois, federal district judges have granted such temporary relief. Similar motions have been denied by federal district judges in Massachusetts, Kentucky and Tennessee. These inconsistent results appear to give a significant competitive advantage to those publishers and manufacturers who, by reason of preliminary relief, are not now burdened with the cost of sorting bulk mail shipments.

- 4 -

While there is nothing strikingly novel about inconsistent decisions in United States District Courts, the interests of justice are not ordinarily served by such disparities. This consideration has been recognized as a basis for ordering cases to be transferred under 28 U.S.C. §1404(a). *See Schneider v. Sears,* 265 F. Supp. 257, 267 (S.D.N.Y., 1967); *Freiman v. Texas Gulf Sulphur Co.*, 38 F.R.D. 336 (N.D. Ill., 1965). Similarly, during the course of multidistrict litigation, §1407 is an appropriate means of avoiding injury to like parties caused by inconsistent judicial treatment.

Defendants contend that the most efficient way to dispose of this litigation is to allow them to press motions for dismissal or summary judgment in each of the courts where these actions are now pending. This argument is not persuasive. Apparently the same legal arguments will be urged in each case: Lack of jurisdiction over the subject matter and failure to state a claim for relief. Disposition of these motions by a *single* judge, pursuant to §1407, will conserve judicial time and energy and minimize the likelihood of inconsistent results.

The logical district in which to coordinate or consolidate these cases is the District of New Jersey. Over half of these

cases have their situs in that district.[2] A substantial amount of discovery has been completed in *American Book - Stratford Press, Inc. v. Watson, et al.,* (D.N.J. Civil No. 941-68), which is pending there. Chief Judge Anthony T. Augelli of the District of New Jersey, to whom all New Jersey cases have been assigned, is familiar with this litigation. New Jersey is convenient to those other districts where these suits have been brought and to Washington, D. C., where much of the discovery will take place.

The coordination and consolidation of those cases listed in Schedule A will serve the convenience of parties, and witnesses, and will promote the just and efficient conduct of these cases. The Chief Judge of the District of New Jersey, Anthony T. Augelli, has consented to the assignment by the Panel of the transferred cases to himself.

IT IS THEREFORE ORDERED that the actions listed on Schedule A which are pending in districts other than the District of New Jersey be and hereby are transferred under 28 U.S.C. §1407 to the District of New Jersey and assigned to Chief Judge Anthony T. Augelli for coordinated or consolidated pretrial proceedings.

---

[2] Two of the New Jersey cases are class actions; one involves an association of book publishers, *American Book Publishers Council v. Watson* (D.N.J. Civ. No. 1194-68) and the other involves an association of book manufacturers, *J.F. Tapley Co. and Book Manufacturers Institute v. Watson* (D.N.J. Civ. No. 1099-68).

## SCHEDULE A

### DISTRICT OF NEW JERSEY

1. American Book-Stratford Press, Inc. v. W. Marvin Watson, et al. — Civil Action No. 941-68

2. Montville Warehousing Co., Inc., etc. v. W. Marvin Watson, et al. — Civil Action No. 1120-68

3. J. F. Tapley Co., et al. v. W. Marvin Watson, et al. — Civil Action No. 1099-68

4. Economy Bookbinding Corp. v. W. Marvin Watson, et al. — Civil Action No. 1014-68

5. American Book Publishers Council, Inc., et al. v. W. Marvin Watson, et al. — Civil Action No. 1194-68

6. The MacMillan Company v. W. Marvin Watson, et al. — Civil Action No. 140-68

7. Scholastic Magazines, Inc. v. W. Marvin Watson, et al. — Civil Action No. 1407-68

8. Wayne Warehousing Corp. v. W. Marvin Watson, et al. — Civil Action No. 1358-68

9. American Bible Society v. W. Marvin Watson, et al. — Civil Action No. 46-69

### MIDDLE DISTRICT OF PENNSYLVANIA

10. Haddon Craftsmen, Inc. v. W. Marvin Watson, et al. — Civil Action No. CIV 68-396

11. Harper & Row Publishers, Inc. v. Winton Blount, et al. — Civil Action No. 69-24 CIV.

### EASTERN DISTRICT OF TENNESSEE

12. Kingsport Press, Inc. v. W. Marvin Watson, et al. — Civil Action No. Civ. 2282

- 2 -

## DISTRICT OF MASSACHUSETTS

13. The Colonial Press, Inc. v. W. Marvin Watson, et al.     Civil Action No. 68-915-J

14. Cuneo Press of New England, Inc. v. W. Marvin Watson, et al.     Civil Action No. 68-914-J

## NORTHERN DISTRICT OF ILLINOIS

15. Regensteiner Publishing Enterprises, Inc., et al. v. W. Marvin Watson, et al.     Civil Action No. 68 C 1945

## EASTERN DISTRICT OF KENTUCKY

16. American Book Co. v. Winton M. Blount, et al.     Civil Action No. Civ. 1414

## EASTERN DISTRICT OF NEW YORK

17. Mercedes Book Distributors Corp. v. Winton M. Blount, et al.     Civil Action No. 69 Civ. 82